IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

V.                              Indictment: 1:19-CR-00410-TWT-CCB-1

HAKIM AMAL ARCHIBLE,
    DEFENDANT.

MOTION TO DISMISS INDICTMENT PURSUANT TO THE SPEEDY TRIAL

ACT (18 USC 3161 & 18 USC 3162)

The defendant moves pursuant to 18 USC 3161 and 18 USC 3162 that the indictment be dismissed. The defendant in support of this motion states the following:

1.

18 USC 316(c)(1) states, in part, as follows: "...the trial of a defendant charged in an information or indictment….shall commence within seventy days from the filing date…of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs…."

2.

18 USC 3162 tells us the sanctions for violating 18 USC 3161. That section states that if the defendant is not brought to trial within the time limit required by 18 USC 3161(c) the indictment shall be dismissed on the defendant's motion.

3.

The defendant's arraignment was December 2, 2019 and at that time the defendant entered a plea of "not guilty" (Doc: 8).

4.

The defendant, through counsel, filed a motion on December 18, 2019 requesting that the pre-trial be continued and that the deadline for filing pre-trial motions be extended (Doc: 11).

5.

The Court on December 19, 2019 granted the defendant's motion to extend deadlines and also stated that time for purposes of the Speedy Trial Act is excluded for the period between December 18, 2019 and January 21, 2020 (Doc: 12)

6.

The case was certified ready for trial on January 17, 2020 (Doc: 15).

7.

The Court on January 31, 2020 entered an order scheduling trial for April 6, 2020 but excluding Speedy Trial Act time from January 17, 2020 to April 6, 2020

(Doc: 17).  That order in support of the exclusion of time during this period states that "…The Court finds that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial."  There is no other reason for the exclusion.

8.

18 USC 3161(h)(7)(A) states that any judge can grant a continuance on a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  HOWEVER, the section also states that for the time to be excludable the court must set forth, "…in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

9.

The Court's order of January 31, 2020 does not set forth reasons for its finding that the ends of justice would be served by the exclusion of Speedy Trial time.

10.

Due to the pandemic the court issued a General Order (Doc: 19) halting all jury trials beginning March 16, 2020.  That General Order has been amended several times and now the jury trial cessation is through July 31, 2020.

## TIME CALCULATION

11.

The time between the December 2, 2020 arraignment and the defendant's motion of December 18, 2019 is sixteen (16) days.

12.

The case was certified for trial on January 17, 2020 (Doc: 15) and the trial was scheduled for April 6, 2020 (Doc: 17) however the General Order for cessation of jury trials was effective March 16, 2020.  Therefore, the time between January 17, 2020 and March 16, 2020 should not be excluded.  That time period is at least 58 days.  Therefore, adding the original 16 with the additional 58 days is 74 days of Speedy Trial time should be counted.

13.

The Government may argue that the Court excluded the time from January 17, 2020 to April 6, 2020 however as mentioned above the Court did not give a reason for its finding pursuant to 18 USC 3161(h)(7)(A).

Wherefore, the defendant moves that the indictment be dismissed with prejudice.

Respectfully submitted,

/s/Michael Saul

Michael Saul
Attorney for the Defendant
Georgia Bar: 627025

/s/Michael Ross

Michael Ross
Attorney for Defendant
Georgia Bar: 763334

301 Washington Avenue
Marietta, Georgia 30060
404-281-1542.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused the attached motion to be served electronically to all parties of record including:

Angela Adams
Asst. U.S. Attorney
6th Floor, U.S. Courthouse
75 Spring Street
Atlanta, Georgia   30303

This July 15, 2020

Respectfully submitted,


/s/Michael Saul
Michael H. Saul
Attorney for Hakim Archible
627025

P.O. Box 4504
301 Washington Ave.
Marietta, Georgia, 30061
770-429-8787