IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>HAKIM AMAL ARCHIBLE | Criminal Action No.<br>1:19-CR-00410-TWT-CCB |

**United States' Response in Opposition to Defendant's
Motion to Dismiss Indictment Pursuant to the Speedy Trial Act**

The United States of America, by Byung J. Pak, United States Attorney, and Angela Adams, Assistant United States Attorney for the Northern District of Georgia, files this Response in Opposition to Defendant Hakim Amal Archible's Motion to Dismiss Indictment Pursuant to the Speedy Trial Act. (Doc. 38).

**I.     Background**

On October 22, 2019, a grand jury sitting in the Northern District of Georgia returned an indictment charging the Defendant with three counts of filing retaliatory liens against government officials. (Doc. 1). Specifically, the indictment alleges that the Defendant filed, attempted to file, and aided and abetted the filing of false liens against the real and personal property of John Koskinen, the former Commissioner of the Internal Revenue Service, and Jacob Jack Lew, the former U.S. Secretary of the Treasury.  The publically-filed liens claim that John Koskinen and Jacob Jack Lew are indebted to the Defendant in amounts up to $100 billion.

On December 2, 2019, the Defendant was arraigned. (Doc. 8).  On December 18, 2019, the Defendant filed a motion seeking a continuance of the pre-trial conference and requesting an extension of the deadline for filing pre-trial motions.

(Doc. 11). On December 19, 2019, this Court granted the Defendant's motion to extend deadlines and stated that the time period between December 18, 2019 and January 21, 2020 would be excluded for the purposes of the Speedy Trial Act. (Doc. 12). The Court specifically noted that the continuance was necessary because Defendant's counsel needed additional time to meet with the Defendant and review the discovery before determining if pretrial motions were appropriate. The case was certified ready for trial on January 17, 2020. (Doc. 15).

On January 31, 2020, the district court entered an order scheduling trial for April 6, 2020, and excluding the time period of January 17, 2020 through April 6, 2020 from the speedy trial clock. (Doc. 17). That order states that "[t]he Court finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." (*Id.*) On March 16, 2020, the Northern District of Georgia issued a General Order halting all jury trials due to the COVID-19 pandemic. (Doc. 19). That General Order has been amended six times, and now jury trial cessation is through October 4, 2020.

On June 10, 2020, a grand jury returned a superseding indictment against the Defendant. The superseding indictment charges the Defendant with three counts of filing retaliatory liens against government officials and one count of tax obstruction. On June 22, 2020, the Defendant was arraigned on the superseding indictment.

On July 15, 2020, the Defendant filed the instant motion to dismiss the indictment pursuant to the Speedy Trial Act and argues that 74 days have elapsed on the speedy trial clock. Specifically, the Defendant contends that time period set forth in the district court's January 31, 2020 order is not excludable because the

Court provided no basis for its "ends-of-justice" continuance. For the reasons stated below, the Defendant's motion must be denied.

## II.     Legal Standard

The Speedy Trial Act requires that a trial commence within seventy days after the date the defendant appeared before a judicial officer or the date of the indictment, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act excludes certain periods of time, however, from the calculation of the seventy-day limit. *See* 18 U.S.C. § 3161(h).

As is relevant here, the Act permits the exclusion of any period of delay resulting from a continuance granted by any judge on his own motion "if the judge granted the continuance on the basis of his findings that the ends of justice is served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time to be excludable, the court must set forth "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a speedy trial." *Id*. While the Act does not indicate when a court must put its reasons on the record, the Supreme Court has instructed that a trial court should state its reasoning regarding an "ends-of-justice" continuance on the record at least by the time it rules on a defendant's motion to dismiss for a speedy trial violation. *United States v. Zedner*, 547 U.S. 489, 506-07 (2006).

If seventy days of non-excludable time elapses on the speedy trial clock before a defendant is brought to trial, the charges must be dismissed by the court. 18 U.S.C. § 3162(a)(2). But, dismissal due to a speedy trial violation can be with or

without prejudice. "In deciding whether to dismiss an indictment for violation of the Speedy Trial Act with or without prejudice, 'there is no preference for one type of dismissal over the other.' " *United States v. Ochoa*, 252 F. Supp. 3d 1328, 1330 (S.D. Fla. 2017), *aff'd*, 941 F.3d 1074 (11th Cir. 2019) (citation omitted).  Factors a court must consider in making determining to dismiss with or without prejudice include, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C.. § 3162(a)(2).  "Where the defendant is charged with a serious crime, the delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek delay, dismissal should be without prejudice." *United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010).

### III.    Argument

Even assuming for the purposes of this response that the Court's January 31, 2020 order does not exclude any time under the Speedy Trial Act, dismissal of the indictment with prejudice is unwarranted in this case for several reasons.  First, the Defendant miscalculates the days that have elapsed on the speedy trial clock.  Second, the Court is permitted to put its reasons for finding an "ends-of-justice" continuance on the record, either orally or in writing, any time before ruling on the instant motion to dismiss.  Third, even if dismissal were warranted – which it is not – any dismissal should be without prejudice.

### A. There Has Been No Violation Of The Speedy Trial Act Because Only 69 Days Have Elapsed On The Speedy Trial Clock.

A violation of the Speedy Trial Act occurs only if a trial does not commence within seventy days after the date the defendant appeared before a judicial officer. Here, there is no Speedy Trial Act violation because only 69 days have elapsed on the speedy trial clock (even when assuming for the purpose of this response that the January 31, 2020 order did not exclude any time).

"In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days. This, in turn, requires identifying the excluded days." *Zedner*, 547 U.S. at 507.  The excludable time periods in this case are as follows:

| **Appearance/Order** | **Excludable Time** |
|---|---|
| Arraignment | December 2, 2019 |
| Court Order  (dtd 12/19/19) | December 18, 2019 - January  21, 2020 |
| *Court Order (dtd 1/30/20)* | *January 17, 2020  - April 6, 2020*<br>*\*Disputed\** |
| COVID General Orders (starting 3/16/20) | March 16, 2020 – October 4, 2020 |

Specifically, the Defendant was arraigned on December 2, 2019. The Court entered an order on December 19, 2019, which excluded time between December 18, 2019 (the date of the Defendant's motion to continue) and January 21, 2020 (the date the Court scheduled a pretrial conference).  Between December 2, 2019 and December 18, 2019, **15 days** elapsed on the speedy trial clock.  The Court later issued the first of several General Orders halting all jury trials from March 16, 2020 through October 4, 2020 due to the COVID-19 pandemic.  Thus, between January 21, 2020 and March 16, 2020, an additional **54 days** have elapsed, for a total of **69**

**non-excludable days on the speedy trial clock**. Where less than seventy days have elapsed from the date the Defendant appeared before a judicial officer, there is no Speedy Trial Act violation. *See* calendar attached as Exhibit A.

The Defendant argues that 74 days have elapsed on the speedy trial clock. The Defendant's calculation is wrong. First, the Defendant erroneously states that 16 days elapsed between the Defendant's arraignment on December 2, 2019 and December 18, 2019. (Doc. 38, p. 4). In fact, however, only 15 days elapsed between the Defendant's arraignment and December 18, 2019, as it is well-settled that the date of the arraignment is excluded for the speedy trial clock calculation. *See United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984).

Second, the Defendant erroneously includes in his calculation the five days between January 17, 2020 and January 21, 2020 as non-excludable time. The Defendant's error seemingly arises from the fact that the December 19, 2019 order overlaps with the disputed January 31, 2020 order in that both seek to exclude time between January 17, 2020 and January 21, 2020. The legal sufficiency of the December 19, 2019 order, however, is undisputed. The order expressly excludes time between December 18, 2019 and January 21, 2020, sets forth an "ends of justice" continuance, and comports with the Speedy Trial Act by articulating the reasons that form the basis of that continuance – specifically, defense counsel's need to meet with is client and review discovery. The Defendant cites to no authority suggesting that the December 19, 2019 order is invalidated either by the January 17, 2020 order certifying the case ready for trial or the January 31, 2020 order setting the trial date. The record in this case is clear that the five days

between January 17, 2020 and January 21, 2020 are properly excluded from the speedy trial clock by the order dated December 19, 2019.

> **B. The Court May State its Reasons For An "Ends-Of-Justice" Continuance At Any Time Before It Rules On Defendant's Motion And Properly Exclude The Time During The Continuance.**

While the Speedy Trial Act requires a court to state "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a speedy trial," the Act does not indicate when a court must put its reasons on the record. 18 U.S.C. § 3161(h)(7). The Supreme Court, however, is clear: "findings must be put on the record by the time the district court rules on the motion to dismiss." *Zedner*, 547 U.S. at 507.

Relying on *Zedner*, the Eleventh Circuit has routinely stated that a "court must put its findings regarding an ends-of-justice continuance on the record at least by the time the court rules on the defendant's motion to dismiss for a speedy trial violation, although the best practice is to state the reasons when granting the continuance." *United States v. Ragland*, 434 F. App'x 863, 867 (11th Cir. 2011) (holding that "the district court did not violate the Speedy Trial Act by issuing three *sua sponte* continuances in the interests of justice because the court had the authority to issue the continuances pursuant to 18 U.S.C. § 3161(h)(7) and timely and adequately explained its reasons for the continuances on the record"); *United States v. Ammar*, 842 F.3d 1203, 1212 (11th Cir. 2016) (remanding case for dismissal because the district court failed to make the requisite ends-of-justice findings on the record prior to ruling on the defendant's motions to dismiss); *United States v. Prudente*, No. 1:05-CR-324-CAP, 2007 WL 9723929, at *2 (N.D. Ga. Aug. 13, 2007)

(stating rule in *Zedner* that a "district court's findings must be put on the record by the time the district court rules on a defendant's motion to dismiss.").

Therefore, to the extent this Court believes that additional reasons are necessary to properly exclude the time set forth in the January 31, 2020 order, the district court may state its reasons, orally or in writing, at any time before it rules on the instant motion to dismiss. The Speedy Trial Act instructs that there are several factors for a court to consider in finding that an ends-of-justice continuance is necessary including, among others, whether the failure to grant such a continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation. In this case, the January 31, 2020 order excluded time from the date that the case was certified ready for trial (January 17, 2020) through the date the trial was scheduled to commence (April 6, 2020). This time was properly excluded to allow the parties reasonable time necessary to prepare for trial.

### C. Even if There Were A Violation Of The Speedy Trial Act, A Dismissal Without Prejudice Would Be Warranted.

Even if the Court were to find that more than seventy days have elapsed on the speedy trial clock, a dismissal without prejudice would be warranted in this case. The Eleventh Circuit has summarized that "[w]here the defendant is charged with a serious crime, the delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek delay, dismissal should be without prejudice." *Jones*, 601 F.3d at 1257.

Here, the Defendant is charged with filing false liens against officers of the United States in retaliation for performance of their duties, a serious offense in its

8

own right. Further, the Defendant is presently incarcerated, serving thirty years for state charges, and therefore the delay did not deprive the Defendant of his liberty. Additionally, nothing on the record suggests that the government was actively seeking the delay.

If the Court finds dismissal warranted – which the government contends it is not – a dismissal should be without prejudice.

## Conclusion

For the foregoing reasons, the Defendant's motion should be denied.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/ ANGELA ADAMS
*Assistant United States Attorney*
Georgia Bar No. 613114
angela.adams@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Michael Saul, Esq.
>Michael Ross, Esq.
>Attorneys for Hakim Archible

August 5, 2020

>/s/ ANGELA ADAMS
>Angela Adams
>*Assistant United States Attorney*