**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CRIMINAL ACTION NO.** |
| | **1:19-CR-410-TWT-CCB** |
| **v.** | |
| **HAKIM AMAL ARCHIBLE,** | |
| **Defendant.** | |

**<u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>**

This matter is before the Court for consideration of Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act, (Doc. 38), and motion for early disclosure of materials covered by the Jencks Act, (Doc. 40). For the reasons set forth below, the undersigned **DENIES** the motion for early disclosure of Jencks material and **RECOMMENDS** that the motion to dismiss the indictment be **DENIED**.

I.     **Background**

Defendant was charged in a three-count indictment on October 22, 2019. (Doc. 1). It alleges that Defendant filed false liens against the real and personal property of certain employees of the federal government. *Id.* Defendant was

arraigned on December 2, 2019. (Doc. 8). The Court issued a scheduling order setting a pretrial conference for December 19, 2019. (Doc. 9 at 1). On December 18, 2019, Defendant filed a motion seeking 30 additional days within which to file pretrial motions and to continue the pretrial conference. (Doc. 11). The Court granted the motion on December 19, 2019. (Doc. 12). In that order, the Court extended the time for filing pretrial motions to January 17, 2020, and continued the pretrial conference to January 21, 2020. *Id.* The Court determined that the need for the continuance outweighed the best interest of Defendant and the public in a speedy trial, finding that defense counsel needed the additional time to review the discovery, meet with Defendant, and determine whether pretrial motions were appropriate. *Id.*

On January 17, 2020, the undersigned certified the case ready for trial. (Doc. 15). On January 31, 2020, the District Judge entered an order scheduling trial for April 6, 2020. (Doc. 17). The Court excluded the time between January 17 and April 6, 2020, finding that "the ends of justice outweigh the best interests of the public and the defendant in a speedy trial." *Id.* On March 16, 2020, the Court issued General Order 20-01, halting all jury trials for 30 days due to the COVID-19 pandemic and excluding the time period of the continuance under the Speedy Trial Act. (Doc. 19 at 2–3). The Court determined that the ends of justice served by

2

the continuance outweighed the best interests of the public and any defendant's right to a speedy trial because of the Court's reduced ability to obtain jurors and the public health recommendations that impacted the ability of counsel and Court staff to be present in the courtroom. *Id.* at 3. The General Order has been extended several times and the continuation of all jury trials remains in effect through at least November 1, 2020. (Docs. 20, 24, 25, 32, 36, 42, 47). Each subsequent order has excluded time for the reasons identified in the original General Order.

The grand jury returned a superseding indictment on June 10, 2020, which added one additional count of obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). (Doc. 26). On July 12, 2020, Defendant sought leave to file pretrial motions, which the Court granted on July 14. (Docs. 35, 37). Defendant then filed the two motions noted above, (Docs. 38, 40), the Government has responded to both, (Docs. 43, 44), and Defendant has filed reply briefs, (Doc. 45, 46), meaning that the issues are now ripe for resolution.

## II.   Analysis

### A.   Motion to Dismiss for Violation of the Speedy Trial Act

Defendant alleges that the superseding indictment should be dismissed because more than seventy non-excludable days have elapsed since his first appearance in court. Defendant's motion should be denied.

3

The Speedy Trial Act provides that when a defendant enters a plea of not guilty, the trial shall commence within seventy days of when the indictment was filed and made public or when the defendant first appeared before a judicial officer of the court in which the charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1). Seventy days, however, rarely means seventy days, because the Act is riddled with exceptions that allow for excludable time. One of those exceptions is for "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For time to be excludable under that subsection of the Act, the court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by" granting the "continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*; *see also Zedner v. United States*, 547 U.S. 489, 506–09 (2006) (holding that "if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed"); *United States v. Ammar*, 842 F.3d 1203, 1206 (11th

Cir. 2016) (holding that the Act requires "express findings" and that "without on-the-record findings, there can be no exclusion of time past the 70-day requirement because the Speedy Trial Act, with procedural strictness, demands on-the-record ends-of-justice findings" (internal quotation marks and alterations omitted)). Although the Supreme Court has recognized that the Act is somewhat ambiguous regarding exactly when those findings must be put on the record, the Court in *Zedner* held that, "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss" the indictment. 547 U.S. at 507; *see also Ammar*, 842 F.3d at 1207 (examining whether the district court placed its ends-of-justice findings on the record when it continued the trial or, "at the latest, by the time it ruled on [the defendant's] motion to dismiss for a speedy trial violation").

Defendant's first appearance in this court was for his arraignment on December 2, 2019. Nothing tolled the time between December 3 and December 17, resulting in 15 non-excludable days. The clock stopped on December 18, when Defendant filed his motion seeking additional time to file pretrial motions and to continue the pretrial conference. (Doc. 11); 18 U.S.C. § 3161(h)(1)(D) (excluding time resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion).

Defendant argues that this period results in 16 non-excludable days, presumably because he is counting either the day of the arraignment or the day that he filed his motion for an extension of time. (Doc. 38 at 4). But the Eleventh Circuit has held that "both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." *United States v. Jones*, 601 F.3d 1247, 1255 (11th Cir. 2010) (internal quotation marks omitted); *see also United States v. Severdija*, 723 F.2d 791, 792 (11th Cir. 1984) (noting that the day of arraignment is excluded). So neither the date of the arraignment (Dec. 2, 2019) nor the date Defendant filed the motion to continue (Dec. 18, 2019) count towards the 70 allowable days, leaving 15 non-excludable days through December 18.

On December 19, 2019, the Court excluded time between the date of Defendant's motion for additional time to file motions, December 18, 2019, and the date of the pretrial conference, January 21, 2020. (Doc. 12). The Court found that the ends of justice served by granting the continuance outweighed the best interest of the public and Defendant in a speedy trial because Defendant's counsel needed additional time to review discovery, to meet with his client, and to determine whether pretrial motions were appropriate. *Id.* As such, the period between December 18, 2019, and January 21, 2020, did not result in any countable days.

6

Defendant argues that because the case was certified ready for trial on January 17, 2020, the period between January 17 and January 21 should not be excluded. (Doc. 38 at 4; Doc. 46). He argues that the order certifying the case ready for trial superseded the earlier order excluding time through January 21, and that January 17 "starts a new period of non-excludable time." (Doc. 46 at 1). He cites no cases in support of his position, which the Court rejects.

The Court's order excluding the time between December 18, 2019, and January 21, 2020, was based on its determination that the period was necessary to allow Defendant's counsel time to review discovery, meet with his client, and determine whether pretrial motions were appropriate. (Doc. 12). Although no motions were filed and the case was certified on January 17, the act of certification itself has no legal significance or impact on the Speedy Trial Act calculation. Certifying a case is merely the procedural mechanism in this district for a Magistrate Judge to signal to a District Judge that a case is ready to be tried. Simply put, the fact that the case was certified prior to January 21 does nothing to call into question the Court's determination on December 19 that the entire period between December 18 and January 21 was properly excluded to allow Defendant additional time to review discovery and determine whether pretrial motions should be filed. Indeed, as the Eleventh Circuit has noted, whether motions are actually filed

7

during an extended period of time to file further motions "is unimportant" for purposes of the Speedy Trial Act. *See United States v. Mejia*, 82 F.3d 1032, 1035–36 (11th Cir. 1996), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).

In fact, here Defendant filed motions to dismiss and for early production of Jencks material approximately six months after the case was certified ready for trial—which filings highlight the lack of any legal significance to the certification order. The five days between January 17 and January 21 are properly excluded under the Speedy Trial Act based on the Court's order of December 19 (which Defendant does not challenge), meaning that as of January 21, 2020, only 15 non-excludable days had elapsed.

That finding dooms Defendant's motion, because he does not challenge any of the days following the Court's March 16, 2020 order (and subsequent amendments to that order) excluding time because of the COVID-19 pandemic. (Doc. 38 at 4). So even if every day between January 22 and March 15 were counted, that period would amount to only 54 days. When added to the 15 days that elapsed between December 3rd and 17th, there would be only 69 days of non-excludable time. The 70 days permitted by the Act would not have yet run.

Of course, even that best-case calculation for Defendant fails to factor in the District Judge's order of January 31, 2020, which excluded every day between January 17 and April 6. (Doc. 17). Defendant argues that the order is insufficient to exclude time because it does not expressly state why the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. (Doc. 38 at 3–4). The Government does not directly address the order in its brief, other than to note that even without the order only 69 days have elapsed and that the Court remains free to state the reasons supporting that order on the record at any time prior to ruling on the motion to dismiss the indictment. (Doc. 43 at 5–8). The undersigned similarly declines to directly address the order of January 31, for two reasons. First, Defendant's motion fails—even without considering the order excluding the time between January 17 and April 6—because at most 69 days have elapsed. And second, even if Defendant is correct that the reasons supporting the ends-of-justice continuance are not presently stated on the record, the Court may do so at any time before it rules on the motion to dismiss the indictment. *See Zedner*, 547 U.S. at 507; *Ammar*, 842 F.3d at 1207 (examining whether the district court placed its ends-of-justice findings on the record when it continued the trial or, "at the latest, by the time it ruled on [the defendant's] motion to dismiss for a speedy trial violation"). For the reasons stated above, the undersigned **RECOMMENDS**

9

that Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act be **DENIED**.[1]

### B.     Motion for Early Production of Jencks Act Materials

Defendant requests "that he receive [at] a reasonable time prior to trial all transcripts of grand jury testimony plus any and all documents that might be considered Jencks materials." (Doc. 40 at 1). He additionally asks the Court to find that the Jencks Act is unconstitutional. *Id.* The motion is **DENIED**.

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in a criminal case. It sets forth a number of things the Government must disclose during discovery, as well as information that is *not* subject to disclosure. In this latter category, the Rule does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Section 3500, which is commonly known as the Jencks Act, in turn provides that no statement of a government witness shall be the subject of discovery or inspection "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Thus, a statement by a

---

[1] The Government argues that if the indictment is due to be dismissed, the dismissal should be without prejudice. The undersigned declines to further address this argument in light of the recommendation that Defendant's motion be denied.

witness must be produced only "when the witness is tendered for cross-examination." *United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003).

> A court therefore has no authority to compel Jencks Act production earlier than mandated by the Jencks Act's requirements, absent a contrary agreement by the government. *United States v. Campagnuolo,* 592 F.2d 852, 861 (5th Cir. 1979) (district court's standing discovery order requiring earlier Jencks disclosure was invalid, since the order was barred by the Jencks Act).

*United States v. Mwangi*, No. 1:09-CR-107-TWT, 2010 WL 690136, at *10 (N.D. Ga. Feb. 18, 2010); *see also United States v. Glass*, No. 1:16-CR-145-5-TWT, 2018 WL 5084531, at *1 (N.D. Ga. Oct. 18, 2018) ("The Court has no authority to order early production of Jencks materials."); *United States v. Taylor*, No. 1:16-CR-145-TWT-JKL-13, 2018 WL 5091915, at *3 (N.D. Ga. Mar. 23, 2018) ("The Jencks Act provides no authority for the Court to grant an early release or disclosure of [witness statements]."), *adopted by* 2018 WL 5084646 (N.D. Ga. Oct. 18, 2018); *United States v. Hernandez*, No. 1:02-CR-730-BBM-AJB, 2006 WL 8453535, at *2 (N.D. Ga. May 9, 2006) (holding that "[t]he Court has no authority to order the government to produce *Jencks* Act material…any earlier than required by statute").

Because the Court has no authority to order the Government to provide Jencks Act material earlier than the statute provides, Defendant's motion seeking such early disclosure is denied. The Court notes, however, that the Government

represents that it has already produced law enforcement investigative reports authored by potential government witnesses and that it will provide all Jencks material, including transcripts of grand jury testimony, at least 14 days before trial. (Doc. 44 at 3).

The Court declines to address Defendant's argument that the Jencks Act is unconstitutional, which is premature. Because there has not yet been a trial at which a Government witness testified, the Government is not yet obligated to comply with the Jencks Act. And only after the Government complies with the Act might Defendant be in a position to argue that he was somehow harmed by the timing of the compliance. In other words, only after production of statements consistent with the Jencks Act might Defendant be able to argue that his rights were somehow violated by the timing of the production set forth in the Act. Until such time, Defendant's constitutional argument is not ripe, and the Court declines to consider it further.

### III.   Conclusion

For the reasons set forth above, the undersigned **DENIES** Defendant's motion for early production of Jencks Act materials, (Doc. 40), and **RECOMMENDS** that Defendant's motion to dismiss the indictment, (Doc. 38), be **DENIED**.

This matter is now **READY FOR TRIAL**.

**IT IS SO ORDERED and RECOMMENDED,** this 16th day of September, 2020.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE